## Resignation of Public Officers

RENO, Attorney General, March 3, 1939.—We have your request to be advised as to the present status of Senator P. J. Henney, of the Forty-fifth Senatorial District of Allegheny County, and also as to your duties as president of the Senate in reference thereto.

You have also submitted for our consideration an extract from the Legislative Journal of February 6, 1939, page 274, in which the formal resignation of Senator Henney was set forth as follows:

"In The
## SUPREME COURT OF PENNSYLVANIA

The Commonwealth of Pennsylvania ex Relatione Anna P. Elkins,

v.

P. J. Henney

Miscellaneous Docket No. 1026

TO: The Senate of Pennsylvania: Honorable Thomas Kennedy, Lieutenant-Governor; and Honorable John Morlock, Secretary of the Senate.

I, Patrick J. Henney hereby resign as a Senator representing the Forty-fifth Senatorial District, effective immediately.

Patrick J. Henney

December 24, 1938      P. J. Henney

Witness:

Frederick G. Van Denbergh, Jr."

It further appears from the Legislative Journal that this resignation had previously been received and placed in the official files of the Secretary of the Senate.

It has likewise been called to our attention that Senator Henney has been absent from his post in the Senate since the date of his resignation. We also can take official notice that the resignation contains as its caption the case pending before the Supreme Court of Pennsylvania, wherein the right of Senator Henney to hold office was being challenged in quo warranto proceedings.

An almost identical set of facts was passed upon by former Attorney General Carson in an opinion in Vacancy in House of Representatives, dated November 16, 1905, and reported in Official Opinions of the Attorney General (1905-06) page 376, and also reported in 14 Dist. R. 832, 31 Pa. C. C. 601, and 8 Dauph. 216. The Attorney General there advised the Speaker of the House of Representatives that a resignation of a member of the House, directed to the Speaker and received by him, was effective, and that the Speaker should issue a special writ for

the filling of the vacancy in the district previously represented by the resigned member.

While we do not necessarily affirm all of the reasoning in Attorney General Carson's opinion, nevertheless, the advice contained in that opinion is sound and should be followed by you in the present situation. We cannot agree with the former Attorney General that in Pennsylvania we should follow the rule that a resignation of a public officer is not effective until accepted by the proper authorities, since there is eminent authority for the reverse of this proposition. In the absence of a ruling by our Supreme Court on this question, we are of the opinion that public officers in Pennsylvania may resign effectively without the necessity of having such resignation accepted.

Nevertheless, the former Attorney General correctly points out that, even if acceptance of the resignation was required, the receipt of this resignation by the Speaker of the House and the subsequent action of the resigned member resulted in the resignation having been properly accepted. In the case now before us for consideration, we are of the opinion that the receipt of Senator Henney's resignation by former Lieutenant Governor Kennedy and former Secretary of the Senate Morlock is sufficient acceptance of the resignation.

The fact that Senator Henney may have resigned under the allegedly mistaken belief that he had been required to do so by the Supreme Court is of little moment for the purposes of this opinion. In State of Minnesota ex rel. v. Dart, 57 Minn. 261, it was held that an officer may resign pending removal proceedings, and in Commonwealth ex rel. v. Donoghue et al., 31 D. & C. 105, the court decided that a resignation made under a mistake of law was nevertheless valid and binding.

In 46 C. J. 980 §134, the rule as to the acceptance of resignations is stated thus:

"Where no particular mode of accepting a resignation is specially provided by constitution or statute, no formal mode of acceptance is necessary, and it may be by parol,

or it may be shown by performance of an official act which could not legally be performed unless the resignation was accepted. Thus the acceptance may be manifested by the election or appointment of a successor by the office or board or body authorized to fill vacancies, *or by calling an election for that purpose.*·(Italics supplied).

In view of all these circumstances, you are advised that you may regard the resignation which Senator Henney submitted to your predecessor in office as terminating and vacating his office as Senator of the Forty-fifth Senatorial District, whereupon it becomes your duty under article II, sec. 2, of the Constitution of Pennsylvania to issue a formal writ of election by reason of such vacancy.